UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DWAYNE A. COX,

    Plaintiff,

v.                                                           Case No. 15-CV-395

MICHAEL BAENEN, YANA PUSICH,
AMY BASTEN, CHRIS TIMMERS,
RANDY MATTISON, SCOTT LEURQUIN,
SMA CONSTRUCTION SERVICES,
MIKE ABHOLD, BURT FEUCHT, AND
LIBERTY MUTUAL INSURANCE COMPANY,

    Defendants.

ORDER LIFTING STAY IN THIS CASE, DIRECTING PLAINTIFF TO RESPOND TO MOTIONS TO DISMISS (DOC. 147, 152) BY FEBRUARY 10, 2017, AND DENYING PLAINTIFF'S MOTION TO CONSOLIDATE CASES (DOC. 158)

Defendants Abhold, Feucht, SMA Construction Services, and Liberty Mutual Insurance Company have filed motions to dismiss the amended complaint to which the plaintiff has not responded. However, the court is mindful that recently, *pro bono* counsel agreed to represent the plaintiff. Hence, in the interest of justice, plaintiff will be given the opportunity to file a response to the defendants' motions.

Plaintiff's Motion to Consolidate

On August 29, 2016, while plaintiff was proceeding *pro se*, he filed a motion to consolidate this case with a case that was filed by another prisoner regarding the claims that are at issue here. (*Ledford v. Baenen*, Case Number 16-CV-665-DEJ). Defendants Abhold, Feucht, and SMA Construction oppose the motion. They

contend that it would be inappropriate and prejudicial to consolidate the cases because it would allow William Ledford (the prisoner plaintiff in 16-CV-665) to relitigate claims against them that were dismissed previously.

The court may consolidate pending actions that involve "a common question of law or fact." Fed. R. Civ. P. 42(a)(2). Consolidation is committed to the sound discretion of the trial judge. *Canedy v. Boardman*, 16 F. 3d 183, 185 (7th Cir. 1994); *see also* Wright & Miller, Federal Practice & Procedure § 2383 (Westlaw 2016) (district court given broad discretion to decide whether consolidation under Rule 42(a) would be desirable and the district judge's decision is inevitably highly contextual).

Plaintiff's and Ledford's cases involve claims related to alleged exposure to toxic gas fumes during a construction project at Green Bay Correctional Institution. While these cases involve similar claims, differences between them lead the court to conclude that it would not be prudent to consolidate them. First, in this case the court granted plaintiff's motion to appoint counsel and recruited a *pro bono* attorney to represent him, whereas in *Ledford* the court denied his request for counsel.

Second, allowing the motion to consolidate would give Ledford the opportunity to relitigate an argument that was rejected by the court. In *Ledford*, Magistrate Judge Jones dismissed the John Doe defendants at the screening of the complaint

stage, reasoning that they were not state actors.[1]  (*See* Van Loo Aff., Ex. A at 7; Simpson Aff., Ex. A at 7.)  Ledford sought review of that decision, by way of a motion to amend and a subsequent motion for reconsideration, and the motions were denied.  (*See* Van Loo Aff., Exs. A, B.)  Consequently, consolidation of the cases would prejudice the defendants and give Ledford another opportunity to litigate arguments that have been rejected as well as increase costs and delay.  *See* Fed. R. Civ. P. 42(a).  For these reasons,,

IT IS ORDERED that the stay in this case is LIFTED.

IT IS FURTHER ORDERED that plaintiff respond to defendants' motions to dismiss (Docket 147, 152) on or before **February 10, 2017**.

IT IS FURTHER ORDERED that plaintiff's motion to consolidate (Docket 158) is denied.

Dated at Milwaukee, Wisconsin, this 17th day of January, 2017.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U.S. District Judge

---

[1] Mr. Ledford originally named as defendants in his complaint John Doe Construction Company, John Doe Construction Company CEO, John Doe Construction Company Site Supervisor(s), and John Doe Construction Company Site Employees.  (Simpson Aff. dated July 18, 2016, Ex. A at 3-4.)