UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DWAYNE A. COX,

      Plaintiff,

      v.                                    Case No. 15-CV-395

MICHAEL BAENEN, YANA PUSICH,
AMY BASTEN, CHRIS TIMMERS,
RANDY MATTISON, SCOTT LEURQUIN,
SMA CONSTRUCTION SERVICES,
MIKE ABHOLD, AND BURT FEUCHT,

      Defendants.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS ABHOLD,
FEUCHT, AND SMA CONSTRUCTION SERVICES' MOTION TO DISMISS (DOC. 147)

Defendants Mike Abhold, Burt Feucht, and SMA Construction Services ("SMA Defendants") have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). As discussed below, the motion will be granted in part and denied in part.

Motion to Dismiss Standard of Review

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) requires a plaintiff to clear two hurdles. *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). First, the complaint must describe the claim in sufficient detail to give a defendant fair notice of the claim and the grounds on which it rests. *Id.* Although specific facts are not necessary, "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). Second, the complaint must set forth a claim that is

plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007). The "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *EEOC*, 496 F.3d at 776 (citing *Bell Atl. Corp.*, 550 U.S. at 555-56, 569 n.14 (2007)). When considering a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Discussion

The SMA Defendants contend that Counts 1 and 2 of the second amended complaint, in which plaintiff advances federal claims under 42 U.S.C. § 1983, are subject to dismissal because they were not acting under color of state law. They also contend that, once the federal claims are dismissed, Counts 3, 4, and 5, in which plaintiff advances supplemental state law claims, are subject to dismissal because no federal claims against them remain.

In response, plaintiff does not oppose dismissal of his federal claims against the SMA Defendants. (*See* Docket 167 at 2 n.1.) Consequently, plaintiff's federal claims against the SMA Defendants may be dismissed.[1] Hence, the sole remaining issue is whether supplemental jurisdiction may be exercised with respect to plaintiff's pendent state law claims.

Plaintiff contends that the court has supplemental jurisdiction over his state law claims because these claims arise from a common nucleus of operative facts. He charges that the

---

[1] Count 1 is an Eighth Amendment claim. Count 2 is an equal protection claim and plaintiff was not permitted to proceed on an equal protection claim. (*See* Docket 17 at 7.)

2

court should deny the SMA Defendants motion to dismiss and exercise supplemental jurisdiction over the SMA Defendants as pendent parties respecting Counts 3, 4, and 5 because: (1) the SMA Defendants have not asserted that he failed to state a claim in Counts 3, 4, and 5; (2) the SMA Defendants failed to articulate the applicable rule, that is, that the court has supplemental jurisdiction over claims that are so related to a plaintiff's claims that they form part of the same case or controversy; and (3) none of the statutory circumstances under which a court may decline to exercise supplemental jurisdiction are present here.

Section 1367 of Title 28 of the United States Code provides in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

In this case, the court has original jurisdiction over plaintiff's federal Eighth Amendment claim against the State Defendants. *See* 28 U.S.C. § 1331. The SMA Defendants contend that because the court has dismissed the federal claims against them, it should decline to exercise supplemental jurisdiction over plaintiff's state law claims against them. However, the court has supplemental jurisdiction over all other claims that "are so related to the federal claims in the action . . . that they form part of the same case or controversy[.]" *See* 28 U.S.C. § 1367(a). It is immaterial that the SMA Defendants would be pendent parties otherwise not subject to this court's jurisdiction as long as there is a sufficient nexus between the federal claims as to one party and the state law claims as to

another party. *See Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 558 (2005); *see also Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1181-82 (7th Cir. 1993).

The complaint alleges that the SMA Defendants' negligent handling of exhaust from the construction equipment is what gave rise to his injuries, and forms the bases of his state law claims against them. Additionally it charges that the State Defendants subjected plaintiff to cruel and unusual punishment in violation of the Eighth Amendment because they forced him to remain in his cell block and for months did nothing to abate the fumes. There can be no doubt that these allegations form part of the same case or controversy and that a "sufficient nexus" exists between the federal and state claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (for purposes of supplemental jurisdiction, claims are sufficiently related when they derive from a common nucleus of operative facts). In addition, the court is not aware of any reason it should decline to exercise supplemental jurisdiction over the state law claims in this case. *See* 28 U.S.C. § 1367©. Therefore,

IT IS ORDERED that defendants Abhold, Feucht, and SMA Construction Services' motion to dismiss (Docket 147) is GRANTED IN PART AND DENIED IN PART as described herein. The motion is granted as to plaintiff's federal claim. The motion is denied as to plaintiff's supplemental state law claims.

Dated at Milwaukee, Wisconsin, this 28th day of February, 2017.

BY THE COURT

s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U.S. District Judge